UNITED STATES DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

BRENDA TRACY, LLC, SET THE EXPECTATION,

A NON-PROFIT ORGANIZATION; JANE DOE 1;

JANE DOE 2; JANE DOES YET TO BE IDENTIFIED,

    Plaintiffs,

                                    Case No. 23-cv-1102
                                    Hon. Robert J. Jonker
                                    Removed from the 30th Judicial Circuit
                                    Court, Ingham County
v.                                  (Case No. 23-0671-CZ)

AGUSTIN ALVARADO; MEL TUCKER; JENNIFER Z. BELVEAL;

JOHN DOE(S) AND JANE DOE(S) IN POSSESSION OF RECORDS

WHOSE NAMES ARE KNOWN ONLY TO DEFENDANTS; FOLEY &

LARDNER, LLP,

    Defendants.

---

*** EXPEDITED CONSIDERATION REQUESTED***

| | |
|---|---|
| Eric D. Delaporte (P69673) | Jennifer Zbytowski Belveal |
| Gina Goldfaden (P86863) | John F. Birmingham, Jr. |
| DELAPORTE LYNCH, PLLC | FOLEY & LARDNER, LLP |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 210 State St., Suite B | 500 Woodward Ave., Ste. 2700 |
| Mason, MI 48854 | Detroit, MI 48226-3489 |
| (517) 999-2626 | (313) 234-7176 |

---

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1

NOW COMES Plaintiffs Set the Expectation, Jane Doe 1, Jane Doe 2, and Jane Does yet to be identified (hereinafter collectively "Plaintiffs"), by and through their attorney Eric Delaporte of Delaporte Lynch, PLLC, and files this Motion Requesting Leave to File a Second Amended Complaint.  In support of their Motion, Plaintiffs state as follows:

1. Under Fed. R. Civ. P. 15(a)(2), a party may make supplemental amendments to a pleading with the Court's leave, and such leave should be "given freely."

2. Plaintiffs seek leave to amend their Complaint to dismiss Count III, alleging a violation of 28 USC § 1080, the Computer Fraud and Abuse Act (CFAA), as the claim is redundant to the Fraudulent Access to Computers, Computer Systems, and Computer Networks Act MCL 752.791 *et seq*.

3. Plaintiffs seek solely to Amend the Complaint to remove the federal law claim.  **Exhibit 1 – Plaintiffs' Proposed Second Amended Complaint.**

4. For the reasons contained in Plaintiffs' supporting brief, Plaintiff respectfully seeks leave from this Court to amend its pleadings.

5. Plaintiffs sought concurrence from Defendants, which concurrence was denied.

6. Plaintiffs' amendment will not cause "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment. *Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022).  Therefore, justice would be best served by allowing Plaintiffs to file a Second Amended Complaint.

7. Plaintiffs' amendment will preserve judicial economy by allowing the case to be heard in one court.

8. Expedited consideration is warranted, as the Emergency Temporary Restraining Order issued *ex parte* by the Honorable James S. Jamo of the 30th Judicial Circuit Court for the State of Michigan based on Plaintiffs' showing of "immediate and irreparable harm based upon the publication of protected, personal, private, and sensitive business information related to sexual assault survivors and employees (both living and deceased), which was gathered in violation of Michigan law" is set to expire on October 20, 2023.  **Exhibit 2 – Temporary Restraining Order**.

9. Plaintiffs have been unable to hold a hearing on the Preliminary Injunction (Count I of Plaintiffs' Original and First Amended Complaint), because of Defendants' Removal the day before the Preliminary Injunction hearing scheduled for October 17, 2023, in the 30th Circuit Court was to be heard. *Id.*

10. If this Honorable Court fails to act expeditiously, the Emergency Temporary Restraining Order will expire before Plaintiffs are able to have their Motion for a Preliminary Injunction heard, thus, potentially exposing 20,000 business records, personal records, protected, personal, and private records, including records related to victims of sexual violence.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion to File a Second Amended Complaint.

Dated: October 17, 2023                                          DELAPORTE LYNCH, PLLC

By: _____
Eric D. Delaporte (P69673)
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLaw.com

3

UNITED STATES DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

BRENDA TRACY, LLC, SET THE EXPECTATION,

A NON-PROFIT ORGANIZATION; JANE DOE 1;

JANE DOE 2; JANE DOES YET TO BE IDENTIFIED,

    Plaintiffs,

                                    Case No. 23-cv-1102
                                    Removed from the 30th Judicial Circuit
                                    Court, Ingham County
                                    (Case No. 23-0671-CZ)

v.

AGUSTIN ALVARADO; MEL TUCKER; JENNIFER Z. BELVEAL;

JOHN DOE(S) AND JANE DOE(S) IN POSSESSION OF RECORDS

WHOSE NAMES ARE KNOWN ONLY TO DEFENDANTS; FOLEY &

LARDNER, LLP,

    Defendants.

***EXPEDITED CONSIDERATION REQUESTED***

| | |
|---|---|
| Eric D. Delaporte (P69673) | Jennifer Zbytowski Belveal |
| Gina Goldfaden (P86863) | John F. Birmingham, Jr. |
| DELAPORTE LYNCH, PLLC | FOLEY & LARDNER, LLP |
| Attorneys for Plaintiff | Attorney for Defendants |
| 210 State St., Suite B | 500 Woodward Ave., Ste. 2700 |
| Mason, MI 48854 | Detroit, MI 48226-3489 |
| (517) 999-2626 | (313) 234-7176 |

**BRIEF IN SUPPORT OF REQUEST FOR LEAVE TO FILE**

**SECOND AMENDED COMPLAINT**

NOW COMES Plaintiffs Set the Expectation, Jane Doe 1, Jane Doe 2, and Jane Does yet to be identified (hereinafter collectively "Plaintiffs"), by and through their attorney Eric Delaporte of Delaporte Lynch, PLLC, and files Brief in Support of their Motion Requesting Leave to File a Second Amended Complaint.

## STATEMENT OF FACTS

Former Michigan State University football coach, Mel Tucker, is under investigation for sexual harassment against prominent rape survivor and activist, Ms. Brenda Tracy.  Ms. Tracy is the founder of both Defendant Set the Expectation (STE) and Defendant Brenda Tracy LLC (BTLLC).  On October 5, 2023, Defendants Belveal and Foley & Lardner LLP partially released "new evidence" related to the investigation to the public, comprised mostly of messages between Ms. Ahlan Alvarado, STE and BTLLC's former Case Manager/Contractor, and Ms. Tracy.

On October 6, 2023, Plaintiffs filed a Complaint in the Michigan 30th Circuit Court for violation of the Michigan Eavesdropping Statute, misappropriation and theft of business records, violation of the Computer Fraud and Abuse Act 18 USC § 1030, tortious interference with a business relationship, release of protected medical records of clients, and unlawful whistleblower retaliation.   **ECF No. 1-1, PageID.10-24**   Plaintiff contemporaneously filed a Motion and Supporting Brief for an Emergency Temporary Restraining Order and/or Preliminary Injunction to prevent further release of Plaintiffs' records believed to be contained on Ms. Ahlan Alvarado's phone. **Exhibit 3 – Plaintiff's State Filing; Motion and Brief in Support.**  On that same day, the Honorable James S. Jamo granted Plaintiffs' request for an Emergency Temporary Restraining Order and scheduled a hearing on Plaintiffs request for a preliminary injunction for October 17, 2023 at 10:00am before the Honorable Judge Stokes. **Exhibit 2.**  Plaintiffs filed a First Amended Complaint on October 11, 2023, which added as a Ms. Belveal's law firm, Foley & Lardner, LLP,

5

as a Defendant; omitted the whistleblower retaliation claim; and added a civil conspiracy claim and violation of the Fraudulent Access to Computers, Computer Systems, and Computer Networks Act MCL 752.791 *et seq*. claim, among other related edits not material the instant Motion. On October 16, 2023, Defendants removed Plaintiffs action to Federal Court. Defendants have yet to file an Answer or other responsive pleading.

## LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(2), a party may make supplemental amendments to a pleading with the Court's leave, and such leave should be "freely give[n]" when justice so requires. Justice does not require leave to amend in the presence of "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment. *Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022).

## ARGUMENT

None of the limiting circumstances listed in *Klein* exist in the present case.

### I.     Undue Delay

Filing of a Second Amended Complaint would not cause Undue Delay for several reasons. First, less than 21 days have passed since the filing of Plaintiffs' Complaint, a timeframe in which initial amendments are automatically permitted under Fed. R. Civ. P. 15(a)(1). Second, Defendants have yet to file a responsive pleading. Third, Plaintiffs' request is made less than 24 hours after Defendants removed the action to Federal Court. Plaintiffs' attempt to promptly refine its Complaint at this initial pleading stage does not cause Defendants to suffer undue delay. Rather,

Plaintiffs' timely amendments would facilitate a fair, efficient, and equitable adjudication of this matter.

## II. Notice

Defendants were sufficiently informed of Plaintiff's intent to file a Second Amended Complaint, as Plaintiffs' sought Defendants concurrence via email an hour after Defendants emailed Plaintiffs the Notice of Removal. Further, Plaintiffs filed their claim in State Court with the intent of having their claims heard in the Michigan State Court. Moreover, Plaintiffs' Complaint contains almost entirely State law causes of action. As such, Defendants were sufficiently on notice of Plaintiffs' intent to have its case heard in State court.

## III. Bad Faith

Plaintiffs do not file their request for leave in Bad Faith. Plaintiffs simply seek to narrow their pleadings for purposes of judicial economy and timely notified Defendants of their intent to file this instant Motion. The sole count Plaintiffs intend to dismiss is duplicative of Plaintiffs' corresponding Michigan law claim of violation of the Fraudulent Access to Computers, Computer Systems, and Computer Networks Act, MCL 752.791 *et seq*.

## IV. Failing to Cure Deficiencies

Plaintiff has not exhibited a pattern of failing to cure deficiencies in previous amendments. Previous amendments were sought to supplement the original Complaint, which was filed under severe time constraints to secure an emergency Temporary Restraining Order. Further, Plaintiffs' "proposed amendment does not change the nature of the case, but rather just clarifies the allegations that he had already made in his original complaint." *Klein*, 581 F. Supp. 3d at 912.

7

Plaintiffs' case will essentially remain the same and maintain the same underlying purpose and effect as originally intended, despite dismissal of the CFAA claim.

### V.     Undue Prejudice

There is no undue prejudice to the opposing party, as amending the Complaint to eliminate the lone federal claim (which is now essentially duplicative, as Plaintiffs' amended the Complaint to include the State law parallel), and elimination of a claim would in fact benefit Defendants.

### VI.     Futility of Amendment

The Amendment is not futile because Plaintiff's claims would likely withstand a 12(b)(6) Motion to Dismiss.  Under the *Iqbal* and *Twombly* pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *CCS Constr. Co. v. Lotus Pad Liberty Ctr., LLC*, No. 1:20-cv-526, 2020 U.S. Dist. LEXIS 214067, (quoting *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal quotation marks omitted)).  A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  When the plaintiffs state "simply, concisely, and directly events that . . . entitle them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement"  *Huang v. Presbyterian Church*, 346 F. Supp. 3d 961, 971 (E.D. Ky. 2018).

Plaintiffs' pleadings are sufficient to put Defendants on notice of the claims and charges against them and have allowed the Defendants to make reasonable inferences as to their liability

for the alleged conduct. At this state, it is highly unlikely and improbable that Plaintiffs' case will face dismissal based on a 12(b)(6) motion due to the sufficiency of the pleadings.

Allowing Plaintiffs to Amend their Complaint to dismiss the federal question does not meet any of the disqualifying criteria and is in the interests of justice.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion to File a Second Amended Complaint and order that the attached Second Amended Complaint be entered onto the record and served on Defendants through the ECF system.


Dated: October 17, 2023                                         DELAPORTE LYNCH, PLLC


                                                                By: _____
                                                                Eric D. Delaporte (P69673)
                                                                210 State St., Suite B
                                                                Mason, MI 48854
                                                                (517) 999-2626
                                                                Eric@DelaporteLaw.com

**Certificate of Compliance**

  I hereby certify that the word count of the above document, one thousand and six hundred ninety-four (1,694) words, does not exceed the limit of four thousand and three hundred (4,300) words specified in LCivR 7.3(b)(i), absent the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits.  I used version 16.74 of Microsoft Word for Mac to calculate the above word count.


Dated: October 17, 2023            DELAPORTE LYNCH, PLLC

                    By: _____
                    Eric D. Delaporte (P69673)
                    210 State St., Suite B
                    Mason, MI 48854
                    (517) 999-2626
                    Eric@DelaporteLaw.com

## Certificate of Service

      I hereby certify that on October 17, 2023, I filed a copy of Plaintiffs' Motion and Brief to File Second Amended Complaint inclusive of Exhibits through the Court's Electronic Case Filing (ECF) System.  As such, Notice of this filing will be sent to the counsel of record for all Defendants registered with the Court's ECF System.

Dated: October 17, 2023　　　　　　　　　　　　　DELAPORTE LYNCH, PLLC

By: _____
Eric D. Delaporte (P69673)
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLaw.com