**Exhibit 1 - Proposed Second Amended Complaint**

STATE OF MICHIGAN

IN THE 30th JUDICIAL CIRCUIT

BRENDA TRACY, LLC, SET THE EXPECTATION,

A NON-PROFIT ORGANIZATION; JANE DOE 1;

JANE DOE 2; JANE DOES YET TO BE IDENTIFIED,

    Plaintiffs,

                                          Case No. 23-0671-CZ
                                          The Honorable Wanda M. Stokes

v.

AGUSTIN ALVARADO; MEL TUCKER; JENNIFER Z. BELVEAL;

FOLEY & LARDNER LLP; JOHN DOE(S) AND JANE DOE(S)

IN POSSESSION OF RECORDS WHOSE NAMES ARE KNOWN ONLY TO

DEFENDANTS,

    Defendants.

---

Eric D. Delaporte (P69673)
Gina Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorneys for Plaintiff
210 State St., Suite B
Mason, MI 48854

---

**SECOND AMENDED COMPLAINT AND JURY DEMAND**

1

NOW COMES Plaintiffs Set the Expectation, Jane Doe 1, Jane Doe 2, and Jane Does yet to be identified (hereinafter collectively "Plaintiffs"), by and through their attorney Eric Delaporte of Delaporte Lynch, PLLC, and files this Second Amended Complaint: for an injunction, violation of the Michigan Eavesdropping Statute; violation of the Fraudulent Access to Computers, Computer Systems, and Computer Networks Act; misappropriation and/or theft and/or conversion of business records; tortious interference with a business relationship; invasion of privacy; and civil conspiracy as follows:

## GENERAL ALLEGATIONS

## VENUE

1. Plaintiff Brenda Tracy LLC (BTLLC) is duly incorporated in the State of Oregon, doing business in Michigan.

2. Plaintiff Set the Expectation (STE) is a 501(c)(3) nonprofit entity duly incorporated in the State of Oregon, doing business in Michigan.

3. Plaintiff Jane Doe 1 is an individual who engages with Plaintiffs STE and BTLLC.

4. Plaintiff Jane Doe 2 is an individual who engages with Plaintiffs STE and BTLLC.

5. Plaintiffs Jane Does yet to be identified are individuals who engage with Plaintiffs STE and BTLLC.

6. Defendant Agustin Alvarado is an individual who resides in Maricopa, Pinal County, Arizona.

7. Defendant Mel Tucker is the former football coach for Michigan State University who resides in East Lansing, Ingham County, Michigan.

8. Defendant Jennifer Z. Belveal is Defendant Tucker's Attorney and resides in Canton, Wayne County, Michigan.

9. Defendant Foley & Lardner LLP is a law firm in Detroit, Wayne County, Michigan to which Defendant Belveal is a partner.

10. John Doe(s) and Jane Doe(s) in Possession of Records are third-parties only known to Defendants who possess one or more records which form the basis of this Complaint.

11. Upon information and belief, accessing and publishing of the records, and use of the device which forms the basis of this Complaint, occurred within the County of Ingham.

12. Jurisdiction and Venue for injunctive relief are proper within the Honorable Circuit Court.

## COMMON FACTS

13. Former Michigan State University football coach, Mel Tucker, is under investigation for sexual harassment against prominent rape survivor and activist, Ms. Brenda Tracy.  **Exhibit A– Lansing State Journal Article.**

14. Ms. Tracy is the founder of STE, a nonprofit organization committed to ending sexual violence, engaging sexual assault prevention work with men, and advocating for survivors and their families.

15. Ms. Tracy is the founder of BTLLC, a LLC incorporated in Oregon and doing business in Michigan.

16. On October 5, 2023, Defendant Tucker's attorney, Defendant Jennifer Z. Belveal, Defendant Foley & Lardner LLP, partially released "new evidence" allegedly related to the investigation, comprised mostly of messages between Ms. Ahlan Alvarado, Set the Expectation's and Brenda Tracy LLC's former Case Manager/Contractor, and Ms. Tracy. *Id.  See also*, **Exhibit B – Attorney Belveal Letter.**

17. Ms. Alvarado, who was like a sister to Ms. Tracy, tragically passed away in a car accident June 2023.  **Exhibit C– Affidavit of Brenda Tracy.**

3

18. As Case Manager for STE, Ms. Alvarado's text messages and emails contained on her cellphone contain extensive information related to business records, interests, and relations for Set the Expectation. *Id.* **at ¶¶3-5.**

19. A vast majority of the messages between Ms. Alvarado and Ms. Tracy involve confidential information related to the mental health of Set the Expectations clients, partners, and/associated groups and individuals, including those who have been subjected to sexual assault and harassment; the messages also included information of a private and/or confidential nature. *Id.*

20. As a result, STE frequently makes referrals and uses protected medical information related to clients in its efforts to assist clients and connect survivors to mental health and other resources. *Id.* **at ¶¶4, 5, 8-11.**

21. The messages and texts, and other important data, belong to Plaintiffs; the cellular phone belongs to Ms. Alvarado's estate, which has not yet been probated.

22. These messages were released without Plaintiffs' knowledge or consent of any parties, and were obtained by an outside third-party. *Id*. **at ¶6.**

23. Upon information and belief, these messages were released to Ms. Belveal, Foley & Lardner LLP, and Mr. Tucker by Ms. Alvarado's estranged husband, Defendant Alvarado, whom she was divorcing.

24. Upon information and belief, Defendant Alvarado is not the executor of Alvarado's estate and had no right to release the contents of Ms. Alvarado's phone or conversations from any similar source; especially as the conversations and other electronic records belonged to Plaintiffs.

4

25. Upon information and belief, the unlawfully released records belong to Plaintiffs and the phone upon which they resided belong to the estate of Ms. Ahlan Alvarado (for the benefit of her two minor children), and both were stolen by Mr. Alvarado.

26. The records that Defendants Belveal Foley & Lardner LLP have released and threatened to continue publishing are records related to BTLLC and STE and its clients/associates, and are believed to contain sensitive, private, legally-protected information regarding the business and its clients, and private information of individuals associated therewith. *Id.* **at ¶¶4, 5, 8-11.**

27. If injunctive relief in the form of a TRO or Injunction is not issued, Plaintiffs, their representatives, employees, associates, family members, and community will suffer significant, pervasive, and irreparable harm.

COUNT I

**Injunctive Relief**

28. MCR 3.310 provides that an Emergency Temporary Restraining Order and/or Preliminary Injunction may be granted without notice to the adverse party if "(a) it clearly appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant from the delay required to effect notice or from the risk that notice will itself precipitate adverse action before an order can be issued; (b) the applicant's attorney certifies to the Court in writing the efforts, if any, that have been made to give the notice and the reasons supporting the claim that notice should not be required; and (c) a permanent record or memorandum is made of any nonwritten evidence, argument, or other representations made in support of the application." MCR 3.310(B).

29. Pursuant to MCR 3.310, the Court may issue injunctive relief.

30. Defendants have harmed Plaintiffs in a manner that is not fully (or perhaps at all), compensable by pecuniary measures.

31. As appears from the attached released letter (attached as **Exhibit B**), Plaintiffs will suffer immediate and irreparable loss from the further publication of misappropriated protected, personal, private, and sensitive business and personal information related to sexual assault survivors and employees (both living and deceased), and business records/trade secrets, which were gathered in violation of Michigan law, before an order can be issued.

32. Plaintiffs are likely to prevail on the merits of its claim based upon the improper release of protected, personal, private, and sensitive information of Plaintiffs, clients, and all associated individuals/groups.

33. Without an injunction, Plaintiffs will suffer severe and pervasive personal and/or business consequences, due to the release of business records, and sensitive information related to the mental health, medical history, and other sensitive, personal, and protected information that will be released to the public and will damage the reputation, safety, and livelihood of any Plaintiffs/individuals associated with Plaintiffs, including but not limited to, sexual assault survivors availing themselves of the resources and engagements offered by the LLCs.

34. The public interest will be more greatly served by enforcing Michigan law because upholding the law is in the public interest, and Plaintiffs will not be subjected to the highly publicized and brutal public attacks associated with the nature of this case involving Defendants and further traumatizing and abusing indirect, unrelated, innocent victims who have sought protected assistance from Plaintiffs, or who are themselves innocent victims.

35. Plaintiffs, the community, and the public will continue to be harmed if injunctive relief does not issue to prevent Defendants, their agents, servants, employees, and attorneys, and those

persons in active concert, possession or participation with them from unlawfully releasing, possessing, using, distributing, retaining any messages, calls, text, emails, and any other data and/or information from Ahlan Alvarado's cellphone, and/or any other source, relating in any way to Jane Does 1 & 2, Brenda Tracy, LLC, Set the Expectation LLC, its board, members, directors, officers, agents, associates, organizers, employees, clients, and/or sexual assault victims with whom they are associated.

36. Upon information and belief, Defendants intend to release the records as part of its strategy in the investigative hearing and ongoing litigation between Mr. Tucker and Michigan State University.

37. If Defendants are allowed to release the records, Plaintiffs will suffer severe and pervasive personal and/or business consequences, due to the release of business records, and sensitive information related to the mental health, medical history, and other sensitive, personal, and protected information that will be released to the public and will damage the reputation, safety, and livelihood of any Plaintiffs/individuals associated with Plaintiffs, including but not limited to, sexual assault survivors availing themselves of the resources and engagements offered by the LLCs.

38. Plaintiffs' request Injunctive Relief in the form of an Emergency TRO or a Preliminary Injunction, and then a Temporary and Permanent Injunction, to prevent immediate and irreparable damage to the reputation, safety, and livelihood of any Plaintiffs/individuals associated with Plaintiffs, including but not limited to, sexual assault survivors availing themselves of the resources and engagements offered by the LLC's.

## COUNT II

### Violation of the Michigan Eavesdropping Statute

39. MCL 750.539 *et seq*. defines "eavesdropping" as "to overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse." MCL 750.539a(2).

40. *Dickerson v Raphael* sets the standard for third-party release of conversations where that third-party was not a member of the conversation. *Dickerson v Raphael*, 564 NW2d 85, 222 Mich.App. 185 (1997).

41. The Court in *Dickerson* held that the "later broadcast of plaintiff's private conversation..." with those who were "not themselves party to the conversation" constituted eavesdropping. *Id.* at 185. A "private" conversation is "'intended for or restricted to the use of a particular person or group or class of persons ... [and is] intended only for the persons involved.'..." *Id.* citing Webster's Third New International Dictionary, Unabridged Edition (1966).

42. Defendants have amplified, transmitted, and broadcasted private conversations between Ms. Alvarado and Ms. Tracy, and have threatened to release additional related communications.

43. Plaintiffs have suffered loss to their reputation, mental health, safety, and business interests and will continue to be damaged by the threatened release of the records on Ms. Alvarado's phone or other sources.

44. Plaintiffs' losses based on the prior theft and release will likely exceed $5,000,000.00 based on harm to individuals, including but not limited to harm to their reputation, mental health, safety, and business interests.

45. Any future and/or further release will cause harm that could not be fully compensated (or possibly compensated at all), by a pecuniary remedy.

46. Further, the release of the records constitutes a threat, as some records are believed to relate to Plaintiffs' (and their clients, board members, officers, employees, associates, and agents), highly confidential health information, which will be released and put these sexual assault survivors and their community at risk.

## COUNT III

### Violation of the Fraudulent Access to Computers, Computer Systems, and Computer Networks Act MCL 752.791 *et seq.*

47. "A person shall not intentionally and without authorization . . . [a]ccess or cause access to be made to a computer program, computer, computer system, or computer network to . . . otherwise use the service of a computer program, computer, computer system, or computer network."  MCL 725.795.

48. "A person shall not use a computer program, computer, computer system, or computer network to commit, attempt to commit, conspire to commit, or solicit another person to commit a crime."  MCL 752.796.

49. Pursuant to MCL 752.796b, all computer equipment, software, and any personal property used in connection with any violation of the Act may be subject to lawful seizure and forfeiture.

50. Defendants engaged in the unauthorized access of a computer, computer program, computer system, or computer network.

51. Defendants committed, attempted to commit, and/or conspired to commit, a crime.

## COUNT IV

### Misappropriation and/or Theft and/or Conversion of Business Records

52. MCL 600.2919a prohibits the stealing, converting, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property of another for the

third-parties' own use, including when the third-party buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

53. Defendants misappropriated the property of Plaintiffs when Defendants illegally, and without permission or authority, possessed and accessed Ms. Alvarado's phone, which contained extensive business communications belonging to Plaintiffs.

54. A great majority of the records relate to the business dealings of Plaintiff Brenda Tracy LLC and Set the Expectation, and include confidential, protected, personal, private, and sensitive business information related to sexual assault survivors and employees (both living and deceased).

55. Defendants were not authorized to possess or receive these records.

## COUNT V

**Tortious Interference with Business Relations and Malicious Intent to Damage Professional and Personal Reputation of Business, Associates, and Clients**

56. The elements of tortious interference are "(1) a contract, (2) a breach, and (3) an unjustified instigation of the breach by the defendant." *Mahrle v. Danke,* 216 Mich.App. 343, 350, 549 NW2d 56 (1996).

57. Plaintiffs had a valid business relationship and expectancy with Ms. Alvarado as Plaintiffs' Case Manager/Contractor.

58. Defendants knew Plaintiff and Ms. Alvarado maintained a business relationship and expectancy.

59. Defendants intentionally interfered, and thereby breached, the business relations and business dealings of Plaintiffs when Defendants unlawfully received the records and

intentionally broadcasted, amplified, and published certain records, and threatened to broadcast, amplify, and publish the additional records without permission of parties.

60. Defendants intended to interfere with Plaintiff's business relations in their attempts to absolve Mel Tucker in the outside investigation into sexual assault allegations.

61. Defendants acquired the records by improper, unauthorized, and illegal means, as they were not parties to the conversation nor agents of Plaintiffs. Ms. Alvarado's estate owns her phone, not Mr. Alvarado, as the estate has yet to be probated and Mr. and Mrs. Alvarado were in the midst of obtaining a divorce, moreover, the conversations and records belonged to Plaintiffs.

62. Defendants acted with malice to tarnish the reputations of Plaintiffs, retaliate against Plaintiffs for participation in the investigation against Mel Tucker, and otherwise terrorize survivors and intimidate them from associating with Plaintiffs.

63. Plaintiffs have suffered damage or loss, and will further suffer damage and loss, by the threatened release of the records on Ms. Alvarado's phone or other sources.

64. These losses are believed to have exceeded $5,000,000.00 based on harm to Plaintiffs, including but not limited to harm to their reputation, mental health, safety, and business interests.

## COUNT VI

**Invasion of Privacy**

65. An invasion-of-privacy claim protects against four types of invasion of privacy: "(1) intrusion upon the plaintiff's seclusion or solitude or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity that places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage,

of the plaintiff's name or likeness." *Puetz v Spectrum Health Hosps & Kevin Splaine*, 324 Mich App 51, 69; 919 NW2d 439 (2018).

66. Intrusion upon seclusion requires: "(1) an intrusion by the defendant (2) into a matter in which the plaintiff has a right of privacy (3) by a means or method that is objectionable to a reasonable person." *Saldana v Kelsey-Hayes Co*, 178 Mich App 230, 233; 443 NW2d 382 (1989).

67. A cause of action for public disclosure of private facts requires "the disclosure of information that would be highly offensive to a reasonable person and of no legitimate concern to the public, and the information disclosed must be of a private nature that excludes matters already of public record or otherwise open to the public eye." *Duran v The Detroit News*, 200 Mich App 622, 631; 504 NW2d 715 (1993).

68. Ms. Alvarado's cellphone and other electronic medium containing the text messages, emails, and other electronic communications contained significant personal, confidential, and highly private information, often, but not always, contained within Plaintiffs' business records.

69. The private information included material regarding sexual assaults, dating relationships, and other information which Defendants knew or should have known would damage Plaintiffs' reputations and invade their privacy if released in public.

70. In the course of its business, BTLLC and STC frequently make referrals and use protected medical information related to clients in its efforts to connect sexual assault survivors to resources.

71. The release of the records constitutes a threat to public health or safety as the records relate to highly confidential health information of clients and survivors of sexual assault, which will be released and put these survivors and their community at risk.

72. To release said records would constitute a violation of the Michigan Mental Health Code, and breach confidentiality of survivors who have confided in Plaintiff Brenda Tracy LLC and Ms. Alvarado.

## COUNT VII

### Civil Conspiracy

73. A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means. *Swain v Morse*, 332 Mich App 510, 530; 957 NW2d 396 (2020).

74. Defendants Alvarado, Belveal, Foley & Lardner LLP, and Tucker conspired together to obtain and release Plaintiffs personal and professional records of a private nature and publish them to news organizations and the public.

75. Defendants obtained and released the personal and professional records of a private nature in violation of Michigan law and while committing the torts of Tortious Interference with a Business Relationship and Invasion of Privacy

WHEREFORE, Plaintiffs requests the following;

1. Forfeiture of all computer systems, cellphones, electronic storage devices, and any other items used in violating the Fraudulent Access to Computers, Computer Systems, and Computer Networks Act, including, but not limited to, Ms. Alvarado's cellphone containing Plaintiff's records.

2. Judgment against Defendants for damages caused by Defendants' publication (which has already occurred), in whatever amount Plaintiffs are found to be entitled at trial, together with interest, costs, and attorney's fees, but not less than $5,000,000.00.

3. Issue injunctive relief (Ex. Parte if necessary), against Defendants in the form of an Emergency TRO, Preliminary Injunction, and Permanent Injunction by enjoining Defendants, their agents, servants, employees, and attorneys, and those persons in active concert, possession or participation with them from releasing, possessing, using, distributing, retaining any messages, calls, text, emails, and any other data and/or information from Ahlan Alvarado's cellphone, and/or any other source, relating in any way to Jane Does 1 & 2, Jane Does yet to be identified, Brenda Tracy, LLC, Set the Expectation, its board, members, directors, officers, agents, associates, organizers, employees, clients, and/or sexual assault victims with whom they are associated.

4. Award Plaintiffs their attorneys' fees and costs.

5. Award any other remedy required by justice and which the Court sees fit to award.

Dated: October 17, 2023                                  DELAPORTE LYNCH, PLLC


                                                          By: _____
                                                          Eric D. Delaporte (P69673)
                                                          210 State St., Suite B
                                                          Mason, MI 48854
                                                          (517) 999-2626
                                                          Eric@DelaporteLaw.com

## STATE OF MICHIGAN

## IN THE 30th JUDICIAL CIRCUIT

BRENDA TRACY, LLC, SET THE EXPECTATION,

A NON-PROFIT ORGANIZATION; JANE DOE 1;

JANE DOE 2; JANE DOES YET TO BE IDENTIFIED,

    Plaintiffs,

                              Case No. 23-0671-CZ
                              The Honorable Wanda M. Stokes

v.

AGUSTIN ALVARADO; MEL TUCKER; JENNIFER Z. BELVEAL;

FOLEY & LARDNER LLP; JOHN DOE(S) AND JANE DOE(S)

IN POSSESSION OF RECORDS WHOSE NAMES ARE KNOWN ONLY TO

DEFENDANTS,

    Defendants.

Eric D. Delaporte (P69673)
Gina Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorneys for Plaintiff
210 State St., Suite B
Mason, MI 48854

**REQUEST FOR JURY DEMAND**

In accordance with MCR 2.508, Plaintiffs hereby demand that the above-captioned case be tried by jury.

Dated: October 17, 2023                    DELAPORTE LYNCH, PLLC

                                           By: _____
                                               Eric D. Delaporte (P69673)
                                               210 State St., Suite B
                                               Mason, MI 48854
                                               (517) 999-2626
                                               Eric@DelaporteLaw.com