**Exhibit 3 - State Filings; Motion and Brief in Support of TRO**

STATE OF MICHIGAN

IN THE 30th JUDICIAL CIRCUIT

BRENDA TRACY, LLC, SET THE EXPECTATION,
A NON-PROFIT ORGANIZATION; JANE DOE 1;
JANE DOE 2; JANE DOES YET TO BE IDENTIFIED,

    Plaintiffs,

Case No. 23-0671-CZ
The Honorable WANDA M. STOKES

v.

AGUSTIN ALVARADO; MEL TUCKER; JENNIFER Z. BELVEAL;
JOHN DOE(S) AND JANE DOE(S) IN POSSESSION OF RECORDS
WHOSE NAMES ARE KNOWN ONLY TO DEFENDANTS,

    Defendants.

---

Eric D. Delaporte (P69673)
Gina Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorneys for Plaintiff
210 State St., Suite B
Mason, MI 48854

---

**PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Plaintiffs, by counsel, pursuant to MCR 3.310 respectfully move this Honorable Court to enter an Emergency Temporary Restraining Order and/or Preliminary Injunction forthwith, and without notice, based upon the following reasons:

1. As appears from the attached released letter (attached as Exhibit B), Plaintiffs will suffer immediate and irreparable loss from the further publication, of misappropriated protected, personal, private, and sensitive business and personal information related to sexual assault survivors and employees (both living and deceased), which was gathered in violation of Michigan law, before an order can be issued;

2. Plaintiffs are likely to prevail on the merits of its claim based upon the improper release of protected, personal, private, and sensitive information of Plaintiffs, clients, and all associated individuals/groups;

3. Defendants violated the Michigan Eavesdropping Statute and the Computer Fraud and Abuse Act (CFAA) 18 USC § 1030; misappropriated and stole business records; tortiously interefered with business relationships and maliciously intended to damage the professional and personal reputations of the business, its associates, and its clients, as well as the reputations of numerous sexual assault victims; and released protected mental health medical information of clients.

4. Without an injunction, Plaintiffs will suffer severe and pervasive personal and/or business consequences, due to the release of business records, and sensitive information related to the mental health, medical history, and other sensitive, personal, and protected information that will be released to the public and will damage the reputation, safety, and livelihood of any Plaintiffs/individuals associated with Plaintiffs, including but not limited to, sexual assault survivors availing themselves of the resources and engagements offered by the LLCs; and,

5. The public interest will be more greatly served by enforcing Michigan law because upholding the law is in the public interest, and Plaintiffs will not be subjected to the highly publicized and brutal public attacks associated with the nature of this case involving Defendants and further traumatizing and abusing indirect, unrelated, and innocent victims who have sought protected assistance from Plaintiffs, or who are themselves innocent victims.

6. Plaintiffs' counsel certifies to the Court that no efforts have been made to give notice to Defendants for the reason to do so is likely to result in Defendants wrongfully and retaliatorily releasing unlawfully acquired information in an attempt to moot the TRO application, publicly humiliate Plaintiffs, dominate the administrative hearings related to the Mel Tucker sexual assault investigation, and to traumatize and re-victimize survivors and their families into silence. Moreover, there is not time before the next investigative hearing activity to notify Defendants and seek out injunctive relief.

WHEREFORE, Plaintiff requests that the Court enter a temporary restraining order and/or preliminary injunctive order restraining Defendants, their agents, servants, employees, and attorneys, and those persons in active concert, possession or participation with them from releasing, possessing, using, distributing, retaining any messages, calls, text, emails, and any other data and/or information from Ahlan Alvarado's cellphone, and/or any other source, relating in any way to Jane Does 1 & 2, Brenda Tracy, LLC d/b/a Set the Expectation, its board, members, directors, officers, agents, associates, organizers, employees, clients, and/or sexual assault victims with whom they are associated.

Dated: October 6, 2023

DELAPORTE LYNCH, PLLC

By: _____
Eric D. Delaporte (P69673)
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLaw.com

STATE OF MICHIGAN

IN THE 30th JUDICIAL CIRCUIT

BRENDA TRACY, LLC, SET THE EXPECTATION,

A NON-PROFIT ORGANIZATION; JANE DOE 1;

JANE DOE 2; JANE DOES YET TO BE IDENTIFIED,

    Plaintiffs,

                                             Case No. 0671
                                             The Honorable WANDA M. STOKES

v.

AGUSTIN ALVARADO; MEL TUCKER; JENNIFER Z. BELVEAL;

JOHN DOE(S) AND JANE DOE(S) IN POSSESSION OF RECORDS

WHOSE NAMES ARE KNOWN ONLY TO DEFENDANTS,

    Defendants.

---

Eric D. Delaporte (P69673)
Gina Goldfaden (P86863)
DELAPORTE LYNCH, PLLC
Attorneys for Plaintiff
210 State St., Suite B
Mason, MI 48854

---

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION</u>**

1

## INTRODUCTION

Plaintiffs respectfully request that this Court restrain and enjoin Defendants, their agents, servants, employees, and attorneys, and those persons in active concert, possession, or participation with them from releasing, possessing, using, distributing, retaining any messages, calls, text, emails, and any other data and/or information from Ahlan Alvarado's cellphone, and/or any other source, relating in any way to Jane Does 1 & 2, Jane Does yet to be identified, Brenda Tracy, LLC, Set the Expectation, its board, members, directors, officers, agents, associates, organizers, employees, clients, and/or sexual assault victims with whom they are associated.

## STATEMENT OF FACTS

Former Michigan State University Football coach, Mel Tucker, is currently under investigation for sexual harassment against prominent activist and sexual assault survivor, Ms. Brenda Tracy. **Exhibit A – Lansing State Journal Article.** On October 5, 2023, Defendant Tucker's attorney, Defendant Jennifer Z. Belveal, partially released "new evidence" allegedly related to the investigation, comprised mostly of messages related to Plaintiffs. *Id. See also*, **Exhibit B – Attorney Belveal Letter.**

Plaintiffs are organizations (and related individuals) whose mission are to end sexual and interpersonal violence. Plaintiffs focus on sexual assault prevention work, which includes, but is not limited to, partnering with major universities like Michigan State to educate students, faculty, and community members about sexual assault prevention work and engaging survivors to resources and mental health assistance. **Exhibit C – Affidavit of Brenda Tracy.** As a result, Set the Expectation LLC frequently makes referrals and uses protected medical information related to clients to connect survivors to resources. *Id.* at ¶¶ 1, 2, 4, 5. The alleged "new evidence" includes text messages and other electronic records believed to be on the phone of Ms. Ahlan Alvarado, the

2

former Case Manager at Set the Expectation and dear friend of Ms. Tracy, who passed away in June 2023 after a tragic accident. *Id*; *See also* **Exhibit A – Lansing State Journal Article**; **See also, Exhibit B – Attorney Belveal Letter.** Upon information and belief, these text messages were released by her estranged husband, Defendant Alvarado, to Defendants. **Exhibit A – Lansing State Journal Article; Exhibit C – Affidavit of Brenda Tracy.** Upon information and belief, Defendant Alvarado is not the executor of Ahlan Alvarado's estate and had no right to release the contents of Ms. Alvarado's phone or conversations from any similar source. **Plaintiff's Complaint, ¶¶17-20; Exhibit C - ¶¶4, 6-8.**

The records that Defendant Belveal has threatened to release are records believed to be related to Plaintiffs, and are believed to contain sensitive, private, legally-protected information regarding the business, individuals associated with the business, its clients, and victims of violence and sexual assault/harassment. *Id.* If injunctive relief in the form of a TRO or Injunction is not issued, Plaintiffs, their representatives, employees, associates, family members, and community will suffer significant, pervasive, and irreparable, harm. *Id.*

## STANDARD

There is a 4-part test to determine temporary and injunctive relief. The test whether injunctive relief is merited requires the trial Court to consider the following factors: (1) whether the applicant has demonstrated that irreparable harm will occur without the issuance of an injunction, (2) whether the applicant is likely to prevail on the merits, (3) whether the harm to the applicant absent an injunction outweighs the harm an injunction would cause to the adverse party, and (4) whether the public interest will be harmed if a preliminary injunction is issued. *Frey as Next Friend for Frey v Health-Michigan*, 2021 WL 5871744, *2 (Mich.App. Dec. 10, 2021).

The Michigan Eavesdropping Statute, MCL 750.539 *et seq.*, defines "eavesdropping" as "to overhear, record, amplify or transmit any part of the private discourse of others without the permission of all persons engaged in the discourse." A "private" conversation is "'intended for or restricted to the use of a particular person or group or class of persons ... [and is] intended only for the persons involved.'..." *Id.* citing Webster's Third New International Dictionary, Unabridged Edition (1966).

## ARGUMENT

### I. Plaintiffs will Suffer Irreparable Harm without an Injunction (TRO).

Here, Plaintiffs will suffer irreparable harm without an injunction. Defendants—who are all non-parties to the conversations believed to be on Ms. Alvarado's phone, between Plaintiffs' agents and/or third-parties—seek to further publish private conversations to the public in a malicious and contemptable revenge attack on entities that provided evidence to a public body and innocent individuals who were simply caught up in Defendants' malevolent attacks. Defendants threaten to further publish phone records related to private conversations between Ms. Alvarado and third-parties, to retaliate against Plaintiffs, their agents, board members, officers, employees, associates, and/or clients/innocent third-parties, who provided evidence against Mel Tucker or who have been attacked by association. Further release of these records by Defendants would publicly humiliate Plaintiffs (and related individuals), and constitute, at minimum, a clear violation of the Michigan Eavesdropping Statute, the Whistleblower Protection Act, Computer Fraud and Abuse Act, misappropriation and theft of business records, tortious interference with Plaintiffs' business records and malicious intent to damage professional and personal reputation of businesses, associates, and clients, and release of protected mental health medical information of clients, especially as it relates to the release of protected information. As such, Plaintiffs will suffer

widespread and pervasive harm to not only the business but also all survivors who have confided private and protected information with Plaintiffs and Ms. Alvarado.

## II. Plaintiffs are Likely To Prevail on the Merits of their Claims.

Plaintiffs are likely to prevail on the merits of their claims based upon MCL 750.539a(2) and the clear precedent established in *Dickerson v Raphael*. *Dickerson v Raphael* set the standard for eavesdropping third-party publication and release of conversations where that third-party was not a participant in the conversations. *Dickerson v Raphael*, 564 NW2d 85, 222 Mich.App. 185 (1997). The Court in *Dickerson* held that the "later broadcast of plaintiff's private conversation..." with those who were "not themselves party to the conversation" constituted eavesdropping under Michigan law. *Id.* at 185.

The instant matter is highly analogous to *Dickerson*, as Defendants seek to further release conversations of a clearly private nature to which no Defendant was a party. The phone (and/or any other source), and contents thereof, is not believed to be the property of Defendants; however, possession/ownership of the phone is irrelevant, as the conversations did not involve Defendants, who threaten to publish the private and/or privileged communications and business records. As evinced by Defendant Belveal's released letter, Defendants intend the release of these private conversations and business records solely to benefit Defendants, in violation of Michigan law.

Further, certain Plaintiffs provided evidence to a public body regarding violations of policy as part of an ongoing investigation. As such, those Plaintiffs qualify as whistleblowers pursuant to the Whistleblower Protection Act, MCL 15.361 *et seq*. Defendants threatened action constitutes retaliation, which is proscribed by the Act, and Plaintiff's are likely to prevail on the merits.

### III. The Harm to Plaintiffs Outweighs the Harm an Injunction Would Cause to Defendants.

The absence of an injunction would make it impossible for Plaintiffs to adequately protect their interests and the interests of any individuals or groups associated with Plaintiffs who may have been referenced in conversations between Ms. Tracy and Ms. Alvarado, or whose information was contained in business records contained on Ms. Alvarado's cellphone. Defendants' retaliation has the effect of not only destroying Plaintiffs' reputations, but publicly humiliating and revictimizing those survivors of sexual assault who seek Plaintiffs' support. As such, Plaintiffs cannot reasonably defend themselves, nor can they defend the interests of the innocent clients or individuals associated with Plaintiffs who would become incidental victims to the release of private, protected, and sensitive information.

Defendants' threatened unlawful release of private conversations and business records is further in violation of Michigan law and should *not* be permitted to move forward on that basis alone—the release of this information could have dire consequences on Plaintiffs, individuals associated with Plaintiffs, and more importantly, survivors of sexual assault and sexual harassment who are likely to be caught up in Defendants' threatened release.

Defendants do not suffer any harm pending the determination of this legal claim. As a result, the harm to Plaintiff in the absence of an injunction outweighs the harm to Defendants in the presence of an injunction. This matter pits a self-absorbed narcissist, his attorney, and a divorcing, separated, husband against the interests of two organizations which are dedicated to championing and protecting sexual assault victims, and their related board members, directors, officers, employees, agents, clients, and most importantly, numerous victims of sexual assault/harassment. Rarely is the balance of potential harm so fully weighted to one side of the scale. Defendants action violated Michigan law and therefore, Defendants suffer no harm, because

they have no interest in releasing items for which they are prohibited to release pursuant to statute. Conversely, the information contained in Plaintiffs' business records and private conversations have the potential to devastate and utterly destroy numerous lives and two organizations dedicated to ending sexual assault and violence.

### IV. The Public Interest will not be Harmed if a Preliminary Injunction is Issued.

The public interest will not be harmed if an injunction is issued. As noted above, Plaintiffs are organizations that educate the public on sexual assault prevention work and assists sexual assault survivors in accessing resources. If Defendants' retaliatory release of further business records and individual conversations is allowed to occur, it will effectively end Plaintiffs as viable victims' advocates and destroy the lives of related individuals and sexual assault survivors. Defendants further release would destroy Plaintiffs' reputation, privacy, business interests, and wellbeing. The lack of an injunction will lead to sexual assault survivors' public humiliation and the dissolution of two sexual assault prevention organizations. As such, the public interest will be harmed if the injunction does not issue.

### CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Honorable Court issue an emergency temporary restraining order and preliminary injunction prohibiting Defendants from releasing, possessing, using, distributing, retaining any messages, calls, text, emails, and any other data and/or information from Ahlan Alvarado's cellphone, and/or any other source, relating in any way to Jane Does 1 & 2, Jane Does yet to be identified, Brenda Tracy, LLC, Set the Expectation, their boards, board members, directors, officers, agents, associates, organizers, employees, clients, and/or sexual assault victims with whom they are associated.

There is perhaps no greater harm to an individual than to become a victim of a sexual assault. Victims of sexual assault suffer one of the most traumatic experiences known to humankind. Those who have not experienced a sexual assault cannot comprehend the devastating effect such a violation has on a survivor. Plaintiffs beg this Honorable Court not to allow Defendants to revictimize Plaintiffs' numerous associated sexual assault victims and to destroy the work of two organizations fighting to end sexual abuse.

Dated: October 6, 2023

DELAPORTE LYNCH, PLLC

By: _____
Eric D. Delaporte (P69673)
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLaw.com