UNITED STATES DISTRICT COURT
FOR THE WESTERN OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA TRACY, LLC; SET THE EXPECTATION, A NON-PROFIT ORGANIZATION; JANE DOE 1; JANE DOE 2; JANE DOES YET TO BE IDENTIFIED,<br><br>Plaintiffs,<br><br>v.<br><br>AGUSTIN ALVARADO; MEL TUCKER; JENNIFER Z. BELVEAL; FOLEY & LARDNER LLP; JOHN DOE(S) and JANE DOE(S) IN POSSESSION OF RECORDS WHOSE NAMES ARE KNOWN ONLY TO DEFENDANTS,<br><br>Defendants. | Case No.: 23-cv-01102<br><br>Hon. Robert J. Jonker<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT AND MOTION FOR REMAND**

## I. INTRODUCTION

Plaintiffs' Motion to Amend their First Amended Complaint ("Motion to Amend") (ECF No. 5) and Motion to Remand this matter to state court ("Remand Motion") (ECF No. 7) (together, the "Motions") reflect Plaintiffs' latest procedural gamesmanship, first relying heavily upon a federal claim to obtain an *ex parte* temporary restraining order and then attempting to withdraw that claim (and others),

1

to deprive Defendants of review by the Court best situated to analyze the legal foundation of the TRO. Plaintiffs twice raised a federal claim in state court pleadings in their bid for injunctive relief, but as soon as Defendants rightfully removed to this Court based on that claim, they immediately sought to withdraw that claim in hopes of returning to state court—subjecting Defendants and the judiciary to a manipulative forum shopping process. But even with the removal of the federal claim from the complaint, this Court has diversity jurisdiction, which mandates its retention of this matter. Even without the existence of diversity jurisdiction, the Court has discretion to retain this case and should exercise that discretion.

As detailed below, if Plaintiffs want to drop their federal claim, they are free to do so. But that decision does *not* divest this Court of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

The factual background set forth in Defendants' Brief in Opposition to Plaintiffs' Motion for an Emergency Temporary Restraining Order and/or Preliminary Injunction ("Injunction Opposition Brief") is applicable here. ECF No. 3, PageID.417-429. To briefly recap, Brenda Tracy ("Tracy"), the founder of Plaintiffs Brenda Tracy, LLC ("BTLLC") and Set the Expectation ("STE"), brought a complaint against Defendant Mel Tucker ("Tucker") with Michigan State University ("MSU"). *Id.* at PageID.417. Certain of Tracy's communications with her now-deceased friend, Ahlan Alvarado ("Ahlan") are relevant to that case. *Id.* at

PageID.418-421. These communications are the type parties regularly obtain discovery about and admit into evidence in litigation. *Id*. Defendants brought certain of these communications to the attention of the MSU Board of Trustees on October 5, 2023, after Tracy had self-selected portions of those same communications to show MSU and the public. *Id*. at PageID.423-425.

Since October 6, 2023, Plaintiffs have been pushing a false narrative, first in state court and now here, that these communications involve highly sensitive sexual assault survivor medical records and legally protected business information and that Defendants have threatened to release such information—notwithstanding that Defendants never released such information and never made such threat. *Id.* at PageID.426-429; ECF No. 7 at PageID.525. In essence, Plaintiffs seek to stop Defendants from engaging in routine discovery and from defending Tucker's rights. Plaintiffs' various causes of action all stem from this common nucleus of operative allegations. ECF No. 1-1, PageID.10-24.

### III.   PROCEDURAL HISTORY

On October 6, 2023, Plaintiffs sought an *ex parte* temporary restraining order ("TRO") in state court. ECF No. 1-1, PageID.271-288. The state court granted Plaintiffs this extraordinary relief based in part on their claimed violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.* (their "CFAA Claim") and on their claimed violation of a Michigan law protecting medical records

3

of mental health service recipients ("Mental Health Records Claim"). *Id.*, PageID.406. The question of whether to dissolve the TRO, which is before this Court, thus implicates Plaintiffs' CFAA Claim.

On October 11, 2023, having secured the TRO, Plaintiffs amended their complaint ("First Amended Complaint"). *Id.*, PageID.142-165. Among other things, Plaintiffs dropped their Mental Health Records Claim and added a claim under the Fraudulent Access to Computers, Computer Systems, and Computer Networks Act, MCL § 752.791 *et seq*. *Id*. Plaintiffs' First Amended Complaint suggested a realization that they do not, in fact, have a viable claim relating to confidential medical records, although they continue to reference such records as a ploy for injunctive relief. In any event, Plaintiffs kept their CFAA Claim in the First Amended Complaint, affirming a clear intent to pursue this federal claim. *Id*.

On October 16, 2023, Defendants properly removed the case to this Court, citing federal question jurisdiction in light of Plaintiffs' CFAA Claim. ECF No. 1.

On October 17, 2023, Defendants filed an Emergency Motion to Dissolve the Temporary Restraining Order and a Brief in Opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* ECF No. 3. In response, Plaintiffs filed their Motion to Amend to eliminate their CFAA Claim and their Remand Motion to get back to state court. ECF No. 5 and 7, respectively. Plaintiffs' Motions are related: after obtaining the TRO based on the CFAA Claim, they seek to drop that Claim in what would be

their Second Amended Complaint, and then, with their only federal claim out of the picture, assert that this Court must remand for lack of federal question jurisdiction.

## IV.  ARGUMENT

### A.  RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

Plaintiffs rightly point out that "under Fed. R. Civ. P. 15(a)(2), a party may make supplemental amendments to a pleading with the Court's leave, and such leave should be 'freely give[n]' when justice so requires." ECF No. 5, PageID.482 (citing *Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 918 (E.D. Mich. 2022). The factors relevant to this inquiry include the "presence of '[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, [or] futility of amendment.'" *Klein*, 581 F. Supp. 3d at 918 (internal citations omitted).

Here, Defendants do not quibble *substantively* with Plaintiffs' decision to drop their CFAA Claim as proposed in their Second Amended Complaint.  But that proposal smacks of bad faith, and, for the reasons detailed below with respect to Plaintiffs' Remand Motion, does not mean this Court is divested of jurisdiction over this matter, particularly as this Court weighs dissolution of the TRO.

Moreover, although Defendants do not take issue with Plaintiffs' dropping their CFAA Claim, Plaintiffs' assertion on the "futility" factor—that their case is unlikely to face dismissal at the Fed. R. Civ. P. 12(b)(6) stage—is wrong.  ECF No.

5

5, PageID.485-485.  As previewed in Defendants' Injunction Opposition Brief, Plaintiffs' claims are legally deficient on their face.

### B.  RESPONSE TO PLAINTIFFS' REMAND MOTION

#### 1. This Court has diversity jurisdiction over the proposed amended complaint, and therefore cannot remand the case.

There is no question that Defendants properly removed Plaintiffs' first amended complaint because the first amended complaint contained a federal cause of action. Because the first amended complaint was properly removed, "any post-removal pleadings must be treated just as they would be in a case originally filed in federal court." *Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 977 (9th Cir. 2006).  When an amended complaint in federal court provides the court an independent jurisdictional basis to rule on the state-law claims, the "district court ha[s] no discretion to remand these claims to state court." *Id. See also Weber v. GE Grp. Life Assur. Co.*, 541 F.3d 1002, 1009 (10th Cir. 2008); *Strickland v. Wells Fargo & Co.*, No. 1:16-CV-00109, 2016 WL 6127838 at * 3(W.D. Mich. July 26, 2016) ("Because this case was properly removed to the district court under the federal RICO claim, this Court now has jurisdiction over it on any grounds from the complaint, not just those cited in the removal notice."); *Naranjo v. Bank of Am.*, N.A., No. CV G-11-551, 2012 WL 13070812 (S.D. Tex. Apr. 4, 2012), report and recommendation adopted, No. CV G-11-551, 2012 WL 13070677 (S.D. Tex. Apr. 24, 2012) ("the District Court would have no discretion to remand if diversity

6

jurisdiction, in fact, existed under the amended pleading."). Rather, the Court has a "virtually unflagging obligation" to exercise its jurisdiction over the case. *Williams*, 471 F.3d at 977 (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Here, Plaintiffs and Defendants are completely diverse. ECF No. 1-1, PageID.145-146. All of the Plaintiffs are Oregon residents. (*Id*. at ¶¶1-2). None of the Defendants are Oregon residents. (*Id*. at ¶¶6-9). The amount in controversy exceeds $75,000. (PageID.151, ¶44; PageID.153 ¶52; PageID.156, ¶71; PageID.158, ¶2). Plaintiff's proposed second amended complaint, which must be treated as if it was a pleading in a case originally filed in this court, provides the Court with the independent basis for jurisdiction over this case. 28 U.S.C. § 1332.

28 U.S.C. § 1441(b)(2), the "forum defendant rule," does not warrant a remand. The rule only prevents removal "solely on the basis" of diversity jurisdiction. This rule is not jurisdictional. *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511 n.2 (6th Cir. 2012) ("we have held that § 1441(b)(2) is non-jurisdictional"). The rule does not strip the Court's jurisdiction over the proposed second amended complaint, which the Court has original jurisdiction over pursuant to 28 U.S.C. § 1332.

### 2. Plaintiffs Misstate the Law: Removal of the CFAA Claim Does Not Divest this Court of Jurisdiction.

Even assuming that this court does not have original jurisdiction over this matter under 28 U.S.C. § 1332, Plaintiffs' Remand Motion boils down to the incorrect assumption that removal of their CFAA Claim automatically divests this Court of subject matter jurisdiction. *See* ECF No. 7, PageID.524, ¶¶ 6-7. Plaintiffs misstate the law.

"Plaintiffs cannot attempt to thwart jurisdiction by making a post-removal amendment." *Strickland v. Wells Fargo & Co.*, No. 1:16-cv-00109, 2016 U.S. Dist. LEXIS 156651, at *1 (W.D. Mich. July 26, 2016). In fact, "[r]emoving all federal claims from a civil action will ___not___ divest courts of subject matter jurisdiction." *Id.* (emphasis added) (citing *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 583 (6th Cir. 2011)). This is true because "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed ___at the time of removal___." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210-11 (6th Cir. 2004) (emphasis added) (citing *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 758 (6th Cir. 2000) for the "fundamental principle of law" that the "district court was not divested of subject matter jurisdiction upon the dismissal of the plaintiff's federal claims"). Bottom line: contrary to Plaintiffs' assertion, the elimination of their CFAA claim does not divest this Court of subject matter jurisdiction.

### 3. This Court Should Exercise Its Discretion to Retain This Case and Deny Remand.

Rather, this Court has *discretion* whether to remand. *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 690 (6th Cir. 2017) ("Supplemental jurisdiction is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values."). The Sixth Circuit Court of Appeals has instructed that, in conducting this discretionary analysis:

> The district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues. . . . The court also may consider whether the plaintiff has used 'manipulative tactics' to defeat removal and secure a state forum, such as 'simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.' *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 98 L. Ed. 2d 720, 108 S. Ct. 614 (1988) ('If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.').

*Harper*, 392 F.3d at 211.

Here, these factors weigh in favor of denying remand. First, judicial economy through avoiding multiplicity of litigation counsels for keeping this action here. Plaintiffs obtained the *ex parte* TRO in part by relying on their CFAA Claim. The CFAA has been the subject of many recent federal court decisions as the federal

9

judiciary has interpreted its appropriate scope. The question most imminently before this Court is whether to dissolve that TRO. It follows that this Court is best positioned to determine that question without flipping this matter back to the state court.

Second, Plaintiffs' hasty (post-removal) jettison of their CFAA Claim is the textbook "manipulative tactic" that warrants denial of their Remand Motion. For example, in *Strickland*, the plaintiffs initially raised a federal racketeering ("RICO") claim alongside various state law claims; then, only after the defendant removed to federal court based on the RICO claim, plaintiffs amended their complaint to drop the RICO claim and seek remand. 2016 U.S. Dist. LEXIS 156651, at *1. Given such brazen forum shopping, this Court held that "[f]airness to Defendants requires that tactical manipulation by Plaintiffs not be allowed to bring about the remand of this case to state court." 2016 U.S. Dist. LEXIS 156651, at *4-5. The underlying lesson being:

> Plaintiff[s] who choose[] to file a complaint containing federal claims in a state forum runs the risk of removal. If Plaintiffs believed that having the case in the Michigan courts was more important than their federal claims, they would have been better served by not making a RICO claim that provided Defendants the right to remove to a federal forum.

*Id.*

*Strickland* is on-point here. Plaintiffs pleaded their CFAA Claim not once but *twice*, in their initial Complaint and again in their First Amended Complaint. Only after Defendants removed to this Court did Plaintiffs drop the CFAA Claim, in an attempt to avoid litigating in what they may perceive as a less favorable forum. This is the precise gamesmanship disfavored in *Strickland* and elsewhere. *See, e.g.*, *Stroud v. Bank of Am., N.A.*, No. 13-10334, 2013 U.S. Dist. LEXIS 84340, at *8-9 (E.D. Mich. June 17, 2013) ("the Court finds the exercise of jurisdiction [over plaintiffs' remaining state law claims] proper even though Plaintiff subsequently amended his complaint to eliminate the sole federal claim" because the "procedural posture" of the case reflected that the plaintiff "simply . . . delet[ed]" the sole federal claim to support remand); *Selkowitz v. Litton Loan Servicing, Ltd. P'ship*, No. C10-5523-JCC, 2010 U.S. Dist. LEXIS 105086, at *8 (W.D. Wash. Aug. 31, 2010) ("Plaintiff amended his Complaint, removed his federal claims, and now seeks remand to state court on the grounds that this Court no longer has jurisdiction. This sort of gamesmanship has long been prohibited.").

The Court should not countenance Plaintiffs' gamesmanship by remanding this case to state court.

## V. CONCLUSION

For the reasons stated above, Defendants do not object to Plaintiffs' proposed removal of their CFFA Claim but do object to Plaintiffs' Remand Motion.

11

Defendants properly removed the First Amended Complaint as Plaintiffs based on the CFFA claim, which confers federal question jurisdiction over this matter.  In attempt to defeat that jurisdiction, Plaintiffs proposed Second Amended Complaint, withdraws the CFFA claim.  Despite this gamesmanship, the court still retains jurisdiction over this matter as post-removal pleadings must be treated just as they would be in a case originally filed in federal court. Because there is complete diversity of citizenship, the court has original jurisdiction pursuant to 28 U.S.C. § 1332 and cannot remand this matter.  Even without this independent basis to exercise jurisdiction, the Court should exercise its discretion to retain this case and deny remand.

                                                  Respectfully Submitted,
                                                  MILLER JOHNSON
                                                  Attorneys for Defendants

Dated:  October 18, 2023            By: /s/ Jeffrey G. Muth
                                                  Jeffrey G. Muth (P65041)
                                                  Jacob Lee Carlton (P84859)
                                                  45 Ottawa Avenue SW, Suite 1100
                                                  Grand Rapids, MI  49503
                                                  (616) 831-1700
                                                  muthjg@millerjohnson.com
                                                  carltonj@millerjohnson.com