UNITED STATES DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

BRENDA TRACY, LLC, SET THE EXPECTATION,

A NON-PROFIT ORGANIZATION; JANE DOE 1;

JANE DOE 2; JANE DOES YET TO BE IDENTIFIED,

    Plaintiffs,

                                        Case No. 23-cv-1102
                                        Hon. Robert J. Jonker
                                        Removed from the 30th Judicial Circuit
                                        Court, Ingham County
                                        (Case No. 23-0671-CZ)

v.

AGUSTIN ALVARADO; MEL TUCKER; JENNIFER Z. BELVEAL;

JOHN DOE(S) AND JANE DOE(S) IN POSSESSION OF RECORDS

WHOSE NAMES ARE KNOWN ONLY TO DEFENDANTS; FOLEY &

LARDNER, LLP,

    Defendants.

***EXPEDITED CONSIDERATION REQUESTED***

| | |
|---|---|
| Eric D. Delaporte (P69673) | Jennifer Z. Belveal (P54740) |
| Gina Goldfaden (P86863) | John F. Birmingham, Jr. (P47150) |
| DELAPORTE LYNCH, PLLC | FOLEY & LARDNER, LLP |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 210 State St., Suite B | 500 Woodward Ave., Ste. 2700 |
| Mason, MI 48854 | Detroit, MI 48226-3489 |
| (517) 999-2626 | (313) 234-7176 |

**PLAINTIFFS' REQUEST FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTIONS TO AMDEND THE COMPLAINT AND REMAND**

1

NOW COMES Plaintiffs Brenda Tracy LLC, Set the Expectation; Jane Doe 1; Jane Doe 2; and Jane Does yet to be identified (hereinafter collectively "Plaintiffs"), by and through their attorney Eric Delaporte of Delaporte Lynch, PLLC, and respectfully seek leave of the Court to file the following Reply:

1. 28 USC § 1446 requires Defendants desiring to remove a civil action from State to Federal court file a notice which "contain[s] a short and plain statement of the grounds for removal."

2. Allegations of complete diversity "must be apparent from the pleadings." *Leys v. Lowe's Home Ctrs., Inc.*, 601 F. Supp. 2d 908, 912 (W.D. Mich. 2009). Plaintiffs did not include allegations in the Complaint, nor did Defendants in their Notice of Removal, that would allow this Honorable Court to make a *prima facie* determination of the citizenship of all Defendants. In the absence of such allegations, the Court cannot "simply assume." *Id.*

3. Here, Defendants provided notice *only* that they were removing based on the existence of a federal question under 28 USC § 1331, not diversity jurisdiction. **ECF No. 1.** Defendants did not allege diversity jurisdiction in their notice. *Id.*

4. Remand of a case to State court from Federal court is appropriate when "there is a defect in the removal process" or "when the principles of abstention necessitate state, rather than federal, review." *Snyder v. Shelby Cty. Bd. of Educ.*, No. 2:14-cv-02048-dkv, 2014 U.S. Dist. LEXIS 195376, at *3 (W.D. Tenn. Mar. 27, 2014).

5. 28 USC § 1654, which governs when a person may proceed personally or by counsel, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Bass v. Leatherwood*, 788 F.3d 228, 231 (6th Cir. 2015).

6. Under 28 USC § 1654, "a corporation can only appear by attorney," it cannot proceed *pro se* or otherwise represent itself. *Id.* at 230.

7. The U.S. Federal Court for the Western District of Michigan also specifically prohibits corporations and partnerships from representing themselves in an action before the court.  **Exhibit 1 – MIWD "Filing Without an Attorney."**

8. Thus, Defendants' removal of this action is procedurally defective and therefore the case should be remanded back to State court.  Defendants Belveal and Defendants Foley & Lardner, LLP were not permitted represent themselves in the removal process, nor any of their co-Defendants in this matter.  Defendant Foley & Lardner could not represent itself, as a partnership.  Defendant Belveal could not represent Defendant Foley & Lardner, as she is a partner to the firm, and would be acting as agent of the LLP to represent itself.  Defendants Belveal and Foley & Lardner, LLP could not represent their co-Defendants, especially on a civil conspiracy claim, as they ethically cannot act as an advocate where they would be required to testify as a witness, nor can they avoid an actual and pervasive conflict of interest under the Michigan ethics rules.

9. Lastly, under 28 USC § 1367, the Court may decline to exercise jurisdiction over State claims it would otherwise have original jurisdiction over if "the [state] claim[s] substantially predominate over the claim or claims over which the district court has original jurisdiction," or "the district court has dismissed all claims over which it has original jurisdiction."  28 USC § 1367(c)(2),(3).

10. Should this Honorable Court deny Plaintiffs' motion to Amend the Complaint, this Honorable Court should respectfully sever the state claims and remand them to state

court, as the remaining seven counts would all be state law causes of action and predominate substantively and substantially in this matter.

11. Should this Honorable Court grant Plaintiffs' Motion to Amend the Complaint, this Honorable Court could still sever the claims based on either subsections (2) or (3).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion to Amend the Complaint and grant their Motion to Remand this action to State court.

Dated: October 19, 2023                              DELAPORTE LYNCH, PLLC

By: _____
Eric D. Delaporte (P69673)
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLaw.com

**Certificate of Compliance**

      I hereby certify that the word count of the above document, six hundred and sixty five (665) words, does not exceed the limit of four thousand and three hundred (4,300) words specified in LCivR 7.3(b)(i), absent the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits. I used version 16.74 of Microsoft Word for Mac to calculate the above word count.


Dated: October 19, 2023                                   DELAPORTE LYNCH, PLLC

                                                                       By: /s/ Eric D. Delaporte
                                                                       Eric D. Delaporte (P69673)
                                                                       210 State St., Suite B
                                                                       Mason, MI 48854
                                                                       (517) 999-2626
                                                                       Eric@DelaporteLaw.com

**Certificate of Service**

      I hereby certify that on October 17, 2023, I filed a copy of Plaintiffs' Request for Leave to File Reply inclusive of any exhibits through the Court's Electronic Case Filing (ECF) System. As such, Notice of this filing will be sent to the counsel of record for all Defendants registered with the Court's ECF System.

Dated: October 19, 2023                                    DELAPORTE LYNCH, PLLC

                                                                By: _____
                                                                    Eric D. Delaporte (P69673)
                                                                    210 State St., Suite B
                                                                    Mason, MI 48854
                                                                    (517) 999-2626
                                                                    Eric@DelaporteLaw.com