UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA TRACY, LLC, et al.

    Plaintiffs,

v.

AGUSTIN ALVARADO, et al.

    Defendants.

_____/

CASE No. 1:23-cv-1102

HON. ROBERT J. JONKER

## ORDER

### A. Background.

This dispute springs from Michigan State University's ongoing investigation of Defendant Mel Tucker's alleged sexual harassment of Brenda Tracy while Tucker was the university's head football coach. (ECF No. 1-1, PageID.9–25). According to Plaintiffs' Complaint, on October 5, 2023, Tucker's attorney—Defendant Jennifer Belveal of Defendant Foley & Lardner LLP—released a significant quantity of "new evidence" purportedly relating to the investigation, including text messages between Tracy and her now-deceased close friend and co-worker. (*Id.*). On October 6, 2023, Plaintiffs filed this action in the 30th Judicial Circuit Court in Ingham County, Michigan requesting an emergency temporary restraining order ("TRO") barring Defendants from releasing additional communications and asserting claims under Michigan law and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. (*Id.*). The state court issued an emergency TRO and set a preliminary injunction hearing for October 17, 2023. (*Id.*, PageID.405-07).[1]

---

[1] In their Emergency Motion to Dissolve the Emergency TRO, Defendants assert that the TRO will expire October 20, 2023. (ECF No. 3). That may or may not be true. Under MCR

On October 16, 2023, the day before the preliminary injunction hearing set by the state court, Defendants removed the action to this Court. (ECF No. 1). The removal was timely and invoked the Court's federal question jurisdiction over Plaintiffs' CFAA claim and supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1441, 1446. (*Id.*). The Notice of Removal did not invoke the diversity jurisdiction of the Court. (*Id.*). The very next day, Plaintiffs moved for leave to file a Second Amended Complaint ("SAC") that removes Plaintiffs' CFAA claim—their only federal claim.[2] *See* FED. R. CIV. P. 15(a)(2). (ECF No. 5; ECF No. 5-1, PageID.489–504). Plaintiffs also filed a corresponding motion to remand their remaining state law claims to state court. (ECF No. 7). Defendants responded to Plaintiffs' motions on October 18. (ECF No. 10).

### B. Leave to Amend.

Under FED. R. CIV. P. 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." The Sixth Circuit has repeatedly emphasized that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *See, e.g.*, *Pittman v. Experian Info. Sols.,*

---

3.310(B)(3), TROs issued without notice normally may not last more than 14 days, which would be October 20.  But there are exceptions built into the Michigan rule, and the issuing judge here set a preliminary injunction hearing for October 17, no doubt expecting to address any necessary extension at that time. Defendants' removal occurred the day before the scheduled hearing and thus preempted the state process.  Now that the matter is in federal court, the Federal Rules of Civil Procedure apply, at least as long as the case stays here.  FED. R. CIV. P. 81(c).  Under FED. R. CIV. P. 65(b), the general rule—as in state court—is that a TRO issued without notice can last no longer than 14 days.  But like in the state court, there are exceptions built into this rule.  Whether the case proceeds here, or back in state court, a judge will have to weigh the same basic considerations and decide whether to extend or dissolve the TRO, and whether to move forward with a preliminary injunction.

[2] Before Defendants removed the action to federal court, Plaintiffs filed a First Amended Complaint in state court that amended their causes of action and added the law firm Foley & Lardner LLP as a Defendant. (ECF No. 1-1, PageID.142–61).

*Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of these factors are present in this case. This litigation is in its early stages, and the Court does not discern any unfair prejudice to Defendants in permitting this amendment. To the contrary, the amendment simply drops one claim, which generally makes the case easier to defend. There are no new allegations, new parties, or new claims, and the parties have not yet had an initial scheduling conference. The Court thus concludes that leave to file is warranted here.

What seems to be driving Defendants' opposition really has very little to do with the amendment itself, but rather Defendants' apparent desire to litigate this case in a federal forum, and its concern that dropping the only federal claim will make that less likely. Plaintiffs, in contrast, appear to want the case litigated in state court. Each side is entitled to prefer one forum or another and to do all it can within the rules to position the case for litigation in its preferred forum.[3] There is nothing wrong with that, in the Court's view, and no bad faith on the part of either side in working for what that side sees as procedural advantage. Ultimately, this Court is confident that all sides will receive fair and considerate treatment from whatever forum—state or federal—winds up with the case. The potential forum impact of granting or denying a motion to amend at this early stage of the case is of no concern to this Court.

**ACCORDINGLY, IT IS ORDERED THAT** Plaintiffs' motion for leave to file a Second

---

[3] Indeed, another option at least theoretically available to Plaintiffs would be a Notice of Dismissal under FED. R. CIV. P. 41(a)(1)(A) because no Defendant has yet answered or filed a motion for summary judgment. A Notice under this rule is a matter of right for any plaintiff; a Court has no discretion to stop it. According to leading federal practice commentators, after defendants remove a state court action to federal court, a Rule 41(a) Notice "frequently is employed when a plaintiff who is unwilling to prosecute the action in federal court wishes to dismiss to start a new action in state court and preclude removal by . . . eliminating any federal claim." 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2363 (4th ed. Apr. 2023 Update). Plaintiffs may well not want to use that process here because it would, at least temporarily, eliminate the protection of a TRO. But the theoretical availability of the process, and its regular use in forum disputes, emphasizes that there is no bad faith here; just normal procedural fencing by both sides in an effort to obtain a preferred forum.

Amended Complaint removing Plaintiffs' sole federal claim is **GRANTED.** (ECF No. 5).

**IT IS FURTHER ORDERED THAT** because Plaintiffs attached their Second Amended Complaint and Jury Demand to their motion; because the Second Amended Complaint adds no new allegations and instead simply repeats verbatim the allegations of the First Amended Complaint without the federal CFAA claim; and because Plaintiffs' counsel already signed the First Amended Complaint; the Court deems these documents signed and filed under FED. R. CIV. P. 11(a), effective as of the date of this Order.

### C. Remand.

When, as here, a case is removed to federal court based on federal question jurisdiction and all federal claims are subsequently dropped from the case, the Court has broad discretion in deciding whether to remand or exercise supplemental jurisdiction over the remaining state law claims. *See, e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction). In making its decision, the Court should consider judicial economy, convenience, fairness, and comity. *Cohill*, 484 U.S. 343 at 350. When all federal claims are dismissed, the balance of considerations typically points towards declining supplemental jurisdiction. *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996).

The Court sees no reason to deviate from the usual practice here. The Court dismissed Plaintiffs' CFAA claim only two days after Defendants removed the case to federal court, so the Court has not yet invested significant time or other resources in this case. Indeed, as noted above, the federal litigation is so new that the Court has not even held an initial scheduling conference with the parties. The 30th Judicial Circuit Court in Ingham County is best positioned to decide

Plaintiffs' remaining Michigan state law claims. Moreover, the Court does not view Plaintiffs' efforts to have their case decided in their preferred forum as motivated by bad faith, and thus does not consider Plaintiffs' procedural maneuvering a compelling reason to retain supplemental jurisdiction over the state law claims. *See, e.g.*, *Gamel v. City of Cincinnati*, 625 F.3d 949, 953 (6th Cir. 2010).

In their opposition to Plaintiffs' motion, Defendants appear to recognize that the *Cohill* factors weigh in favor of remand, but they suggest that remand is still improper here. According to Defendants, the Court had both federal question and diversity jurisdiction at the time of removal, so *all* of Plaintiffs' claims are within the Court's original jurisdiction. (ECF No. 10, PageID.537–38). Defendants did not assert diversity jurisdiction in its Notice of Removal, however, so the Court need not consider it here. (ECF No. 1, PageID.1–7).

If the Court did consider the possibility of diversity jurisdiction, the Court would find that Defendants have not established it on the present record. Defendants' diversity argument is based exclusively on the general allegations in Plaintiffs' First Amended Complaint. (ECF No. 1, PageID.145–46). But these allegations make no mention of the citizenship of Defendant Foley & Lardner's partners or any of the members of Plaintiff Brenda Tracy LLC. *See, e.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196–97 (1990) (establishing diversity jurisdiction for partnerships and LLCs depends on the citizenship of all partners and LLC members). The First Amended Complaint also fails to plead the principal place of business of Plaintiff corporation Set the Expectation. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business). In addition, Plaintiffs' First Amended Complaint states only where Defendants Alvarado, Tucker, and Belveal "reside"—but residency alone is insufficient to establish citizenship for purposes of diversity jurisdiction. *See,*

*e.g.*, *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (citizenship for purposes of diversity statutes "means domicile rather than residence"). Diversity jurisdiction therefore cannot be independently determined from the general allegations in Plaintiffs' First Amended Complaint.

**IT IS ORDERED THAT** the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED THAT** Plaintiffs' motion to remand the remaining state law claims is **GRANTED**. (ECF No. 7). This matter is **REMANDED** to the 30th Judicial Circuit Court in Ingham County, Michigan.

**IT IS SO ORDERED.**


Dated:  October 19, 2023              /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE